## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Applicant,

v.

HEARTHSIDE FOOD
SOLUTIONS, L.L.C.,

        Respondent.

Misc. Action No.
Hon.

## APPLICATION FOR AN ORDER TO SHOW CAUSE WHY AN ADMINISTRATIVE SUBPOENA SHOULD NOT BE ENFORCED

1.     This is an action for enforcement of a subpoena issued pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12117(a), which incorporates Section 710 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-9 ("Title VII").

2.     Jurisdiction is conferred upon the court by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), and Section 710 of Title VII, 42

1

U.S.C. § 2000e-9, the latter of which incorporates Section 11 of the National Labor Relations Act, 29 U.S.C. § 161, as amended.

3. Applicant, the Equal Employment Opportunity Commission ("EEOC"), is the federal agency charged with the administration, interpretation, and enforcement of the ADA, including the investigation of charges of unlawful employment practices, and is authorized to bring this action pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates Section 710 of Title VII, 42 U.S.C. § 2000e-9.

4. The Respondent is a multi-national corporation that operates several commercial food manufacturing and packaging facilities in Kentwood, Michigan and Grand Rapids, Michigan.

5. On July 3, 2024, pursuant to its authority under 29 U.S.C. § 161 (incorporated in Section 710 of Title VII, 42 U.S.C. § 2000e-9, which, in turn, is incorporated in Section 107(a) of the ADA, 42 U.S.C. § 12117(a)), the EEOC issued to the Respondent Subpoena No. DT-24-28. The EEOC served the subpoena via certified mail to Respondent's resident agent and made the subpoena available to the Respondent on the EEOC online portal. Exhibit E.

6.     The Subpoena required Respondent to produce information

needed as part of the EEOC's investigation of a charge of unlawful

employment practices, Charge No. 471-2023-02130, which has been

filed against Respondent. Exhibit B.

7.     Respondent's deadline to respond to the Subpoena was set

for July 18, 2024. Exhibit E.

8.     Respondent has not responded to the Subpoena, nor has it

submitted a petition to revoke or modify the Subpoena.

9.     On September 4, 2024, the EEOC emailed Respondent's

attorney of record because no response to the Subpoena had been

provided. Respondent's counsel did not respond to the EEOC's email.

Exhibit F.

10.     To date, Respondent has refused to comply with the

Subpoena.

11.     Respondent's failure to comply with the Subpoena has

delayed and hampered the EEOC's investigation.

12.     The accompanying Declaration of Ramiro Gutierrez, Director

of the EEOC's Detroit Field Office, filed concurrently herewith, and the

3

attachments thereto, provide the factual support for this Application.
Exhibit A.

13.    The Declaration and the attachments are incorporated by
reference into this Application.

WHEREFORE, the Equal Employment Opportunity Commission
requests:

a) That the Court issue an Order directing the Respondent to
   appear before this Court and to show cause, if there be any,
   why the Court should not issue an Order directing the
   Respondent to comply with the Subpoena;

b) That the Court, upon return of the Order to Show Cause, issue
   an Order directing the Respondent to comply with the
   Subpoena; and

c) That the Equal Employment Opportunity Commission be
   granted its costs, and such further relief as may be necessary
   and appropriate.

Dated: September 16, 2024,          Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

KENNETH BIRD
Regional Attorney

OMAR WEAVER
Assistant Regional Attorney

*/s/ Diana Marin*
Diana E. Marin (P81514)
Trial Attorney
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 774-0057
diana.marin@eeoc.gov

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Applicant,

v.

HEARTHSIDE FOOD
SOLUTIONS, L.L.C.,

        Respondent.

Misc. Action No.
Hon.

# MEMORANDUM IN SUPPORT OF
# APPLICATION FOR AN ORDER TO SHOW CAUSE WHY AN
# ADMINISTRATIVE SUBPOENA SHOULD NOT BE ENFORCED

# <u>TABLE OF CONTENTS</u>

I.   Introduction ........................................................................................ 1

II.   Factual Background ........................................................................... 1

III.   Standard of Review ........................................................................... 3

IV.   Argument ............................................................................................ 4

   A.   The Subpoena Is Within The Statutory Authority

      Of The EEOC ................................................................................. 5

   B.   The EEOC Has Met All The Procedural Requirements For The

      Subpoena. ........................................................................................ 5

   C.   The EEOC Seeks Information That is Relevant to Its Open

      Investigation ................................................................................... 6

   D.   The Subpoena Is Not Unduly Burdensome. ................................. 9

   E.   Relief Requested. .......................................................................... 10

# <u>TABLE OF AUTHORITIES</u>

## Cases

*E.E.O.C. v. Roadway Express, Inc.*, 75 F. Supp. 2d 767 (N.D. Ohio 1999)
aff'd, 261 F.3d 634 (6th Cir. 2001) .......................................................... 9

*E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 104 S. Ct. 1621 (1984)......... 4, 5, 6

*EEOC v. Cambridge Tile Mfg. Co.*, 590 F.2d 205 (6th Cir. 1979) ............ 6

*EEOC v. Ford Motor Credit Co.*, 26 F.3d 44 (6th Cir. 1994) .................... 4

*EEOC v. Roadway Exp., Inc.*, 261 F.3d 634 (6th Cir. 2001)................. 6, 7

*EEOC v. Roadway Express, Inc. (Roadway Express I)*, 750 F.2d 40
(6th Cir. 1984) ...................................................................................... 3

*EEOC v. United Parcel Serv., Inc.*, 859 F.3d 375 (6th Cir. 2017) ........ 3, 6

*Equal Emp. Opportunity Comm'n v. DO & CO Detroit, Inc.*, No. 24-MC-
50408, 2024 WL 1955986 (E.D. Mich. May 3, 2024) ............................... 4

*Equal Emp. Opportunity Comm'n v. Ferrellgas, L.P.*, 97 F.4th 338
(6th Cir. 2024) ............................................................................... 3, 6, 9

*McLane Co. v. EEOC*, 581 U.S. 72 (2017)........................................... 6, 9

*Univ. of Pennsylvania v. E.E.O.C.*, 493 U.S. 182, 110 S. Ct. 577, (1990) 3

**Statutes**

42 U.S.C. § 12117(a) ................................................................................5

42 U.S.C. §§ 12101-17 ..............................................................................1

42 U.S.C.S. § 2000e-8(a) ..........................................................................5

**Regulations**

29 C.F.R. § 1601.12 ..................................................................................6

29 C.F.R. § 1601.16(a) ..............................................................................6

## STATEMENT OF ISSUES PRESENTED

1.      Should the Court enforce the Commission's Subpoena, which seeks relevant information to the investigation of a Charge of Discrimination under the ADA?

The Commission answers: Yes.

## CONTROLLING AUTHORITIES

### Cases

*McLane Co. v. EEOC*, 581 U.S. 72 (2017)

*EEOC v. Shell Oil Co.*, 466 U.S. 54 (1984)

*Equal Emp. Opportunity Comm'n v. Ferrellgas, L.P.*, 97 F.4th 338 (6th Cir. 2024)

*EEOC v. United Parcel Serv., Inc.*, 859 F.3d 375 (6th Cir. 2017)

*EEOC v. Roadway Exp., Inc.*, 261 F.3d 634 (6th Cir. 2001)

*EEOC v. Ford Motor Credit Co.*, 26 F.3d 44 (6th Cir. 1994)

*EEOC v. Roadway Exp., Inc.*, 750 F.2d 40 (6th Cir. 1984)

### Statutes

42 U.S.C. § 12117

42 U.S.C. § 2000e-8

### Regulations

29 C.F.R. § 1601.16(a)

## I.  <u>Introduction</u>

This matter is before the Court on the application of the Equal Employment Opportunity Commission (the "EEOC" or "Commission") for an order to show cause why an administrative subpoena against Hearthside Food Solutions, LLC ("Hearthside" or "Respondent") should not be enforced. The EEOC is currently investigating a charge of disability discrimination filed against Hearthside, under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101-17 ("ADA"). During its investigation, the EEOC issued subpoena DT-24-28 (the "Subpoena"), seeking information relevant to the investigation of the charge against Respondent. Respondent has failed to comply with the Subpoena. Respondent's failure has hampered the investigation of the charge. The EEOC therefore applies to this Court to issue an Order to Show Cause why the Subpoena should not be enforced.

## II.  <u>Factual Background</u>

Charging Party ("CP") filed a timely charge of discrimination alleging Hearthside discriminated against him by failing to reasonably accommodate his disability and firing him in retaliation for requesting a reasonable accommodation. Specifically, CP alleges that in July 2022,

he was on approved medical leave for his scheduled surgery. On or about September 2022, Charging Party was able to return to work with limitations provided by his doctor. Charging Party made several requests to return to work with limitations, but Respondent denied his requests. Charging Party had a second surgery in January 2023, and informed Respondent he could return to work in four to six weeks. On February 8, 2023, Respondent terminated Charging Party's employment. Exhibit B ("ADA Charge"). The EEOC sent the Respondent notice of the charge and began to investigate whether the ADA had been violated. Exhibit C ("Notice of Charge").

As part of the EEOC's investigation of the Charge, the EEOC requested information related to Charging Party's request for a reasonable accommodation, Charing Party's medical file, and a list of Hearthside employees who required more than six months of medical leave and were terminated pursuant to Respondent's leave policies. The EEOC provided Hearthside with numerous extensions to provide the requested information, but Hearthside repeatedly missed the extension deadlines and ultimately failed to provide the requested information.

On July 8, 2024, the Commission served the Subpoena on Respondent via certified mail. Exhibit E (Subpoena DT-24-28). Respondent received the Subpoena on July 8, 2024. *Id*. The Subpoena had a due date of July 18, 2024. *Id*. To date, Respondent has failed to comply with the Subpoena.

## III.   **Standard of Review**

"A subpoena enforcement proceeding is a summary process designed to decide expeditiously whether a subpoena should be enforced." *Equal Emp. Opportunity Comm'n v. Ferrellgas, L.P.*, 97 F.4th 338, 344 (6th Cir. 2024) (citing to *EEOC v. United Parcel Serv., Inc.*, 859 F.3d 375, 378 (6th Cir. 2017) and quoting *EEOC v. Roadway Express, Inc. (Roadway Express I)*, 750 F.2d 40, 42 (6th Cir. 1984)). The court plays a limited role in subpoena enforcement proceedings and only determines that the charge at issue is valid, and the information requested is relevant to the charge. *Id*. (citing to *Univ. of Pennsylvania v. E.E.O.C.*, 493 U.S. 182, 191, 110 S. Ct. 577, 583, (1990)). "…[A]ny effort to assess the likelihood that the Commission would be able to prove the claims made in the charge would be reversible error."

*E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 72, fn. 26, 104 S. Ct. 1621, 1633, fn. 26 (1984).

Once all procedural requirements have been met, "[a]n EEOC administrative subpoena may be judicially enforced only if it: (1) seeks relevant information; (2) is not unduly burdensome; and (3) is within the statutory authority of the EEOC." *EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 45 (6th Cir. 1994) (citing *Univ. of Pa.*, 493 U.S. 182, 191 (1990)); see *Shell Oil Co.*, 466 U.S. at 72 n.26. The EEOC's Subpoena meets all the requirements for enforcement. Therefore, the Court "should enforce the subpoena unless the employer establishes that the subpoena is too indefinite, has been issued for an illegitimate purpose, or is unduly burdensome." *Equal Emp. Opportunity Comm'n v. DO & CO Detroit, Inc.*, No. 24-MC-50408, 2024 WL 1955986, at *2 (E.D. Mich. May 3, 2024) (quoting *Ferrellgas*, 97 F.4th 344).

## IV. **Argument**

Respondent did not engage in any administrative remedies and thus, has no valid defense for failing to comply with the Subpoena. Furthermore, as discussed below, the Subpoena meets all the requirements for judicial enforcement.

## A.   The Subpoena Is Within The Statutory Authority Of The EEOC.

The scope of the EEOC's investigatory powers is broad. Section 107(a) of the Americans with Disabilities Act ("ADA") grants the EEOC access to "any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by the [ADA] and is relevant to the charge under investigation." *See* 42 U.S.C. § 12117(a) (referencing 42 U.S.C.S. § 2000e-8(a)). Courts uniformly afford the EEOC access to "virtually any material that might case light on the allegations" against the covered entity. *Shell Oil Co.*, 466 U.S. 68-69. The Commission is investigating the Charging Party's allegations that the Respondent engaged in disability discrimination in violation of the ADA by failing to accommodate him and terminating his employment after he requested a reasonable accommodation. Such an investigation is within the Commission's statutory authority.

## B.   The EEOC Has Met All The Procedural Requirements For The Subpoena.

A valid charge has been filed and the Subpoena contains all the information required by the EEOC's regulations, which require, among other things, that the Commission identify "the evidence subpoenaed ... and the place, date, and the time at which it is returnable." *See* 29

5

C.F.R. § 1601.16(a) (elements of a subpoena). *See also*, 29 C.F.R. §

1601.12 (elements of a valid charge). Here, the EEOC properly issued

the Subpoena and directed Respondent to mail, email, or upload the

requested documents to the Commission's Detroit Field Office by July

18, 2024. Exhibit E. Respondent did not petition the EEOC to revoke or

modify the Subpoena. Exhibit A, Gutierrez Decl., ¶ 4.f. Therefore, all

procedural prerequisites to judicial enforcement of the Subpoena have

been met.

## C.    The EEOC Seeks Information That is Relevant to Its Open Investigation.

Notions of relevancy at the investigatory stage are very broad.

*UPS*, 859 F.3d at 378 (citing to *EEOC v. Cambridge Tile Mfg. Co.*, 590

F.2d 205, 206 (6th Cir. 1979)). Courts have routinely held that the

Commission has broad investigative authority that affords it "access to

'virtually any material which might cast light on the allegations against

the employer.'" *EEOC v. Roadway Exp., Inc.*, 261 F.3d 634, 642 (6th Cir.

2001) (quoting *Shell Oil Co.*, 466 U.S. at 68–69 (1984)); *accord McLane*

*Co. v. EEOC*, 581 U.S. 72, 76 (2017) (courts are to apply "generous"

construction of the term relevant set forth in *Shell Oil*). *See also*,

*Ferrellgas, L.P.*, 97 F.4th at 348–49 (noting that courts have generously

construed the term 'relevant') (quoting *UPS*, 859 F.3d at 378). This broad standard of relevance encompasses information that provides "the context that is necessary to evaluate whether discrimination occurred." *Roadway Exp., Inc.*, 261 F.3d at 642.

The Charge consists of allegations of disability discrimination. Exhibit B. Charging Party alleged that Hearthside failed to provide him with a reasonable accommodation after he had surgery in 2022. *Id.* Charging Party also alleges that he was terminated after having a second surgery in January 2023 and informing Hearthside that he would need four to six weeks of leave. *Id.* Respondent provided the EEOC with a copy of Respondent's termination letter stating that it fired Charging Party because he exceeded Hearthside's six-month leave of absences policy. Exhibit D (February 8, 2023, Termination Letter).

The EEOC has sought information from Respondent to evaluate the merits of the Charging Party's allegation and Respondent's defenses. Among the information sought by the Commission is basic information that should be in Hearthside's possession, such as: a list of employees who required more than six months of leave due to a medical reasons and were terminated pursuant to Hearthside's leave of absence

policy (requires no. 1); communications relating to Charging Party's
termination (request no. 2); documents related to Charging Party's
disability and requests for reasonable accommodation (request no. 3); a
redacted copy of Charging Party's medical file and medical
documentation pertaining to CP's disability (request no. 4); the names
of individuals involved with the decision to grant or deny CP's
reasonable accommodation (request no. 5); and identification of CP's
supervisors and managers (request no. 6). Exhibit E.

The list of employees who were fired due to Hearthside's leave
policies is directly relevant to the Charge because Hearthside has
claimed it fired Charging Party because of its six-month leave policy.
This information will shed light on whether Respondent treated
Charging Party differently than other similarly situated employees and
the veracity of Respondent's legitimate non-discriminatory reason for
firing Charging Party (application of Respondent's leave policy). The
identification of relevant individuals is needed so that the Commission
may determine who the decision makers were and decide whether to
interview those decision makers. The remaining requests are also

relevant as they are specific to Charging Party and the allegations of disability discrimination in the Charge of Discrimination. Exhibit B.

For the foregoing reasons, the information sought in the Subpoena meets the liberal standard of relevance for purposes of administrative subpoenas.

### D.    The Subpoena Is Not Unduly Burdensome.

It is Respondent's burden to demonstrate that it would be unduly burdensome to comply with the Subpoena. *Ferrellgas*, 97 F.4th at 350 (citing to *McLane Co.*, 581 U.S. at 77, as revised (Apr. 3, 2017)). "Courts will not find undue burden in an action to enforce an EEOC subpoena unless compliance would threaten to disrupt unduly or seriously hinder the normal operations of an employer's business." *E.E.O.C. v. Roadway Express, Inc.*, 75 F. Supp. 2d 767, 772 (N.D. Ohio 1999) (citations omitted), *aff'd*, 261 F.3d 634 (6th Cir. 2001). "The cost of compliance is no defense to enforcement of a subpoena unless it is unduly burdensome in light of the company's normal operating costs." *Id*.

The Commission's Subpoena is not unduly burdensome, and Respondent has not provided the EEOC with any reason on why it

9

cannot comply with the requested information. Thus, Respondent should comply and provide the information sought by the Commission.

### E.    Relief Requested.

The Commission's Subpoena seeks information relevant to a valid Charge of disability discrimination. Respondent has failed to comply with the Subpoena or articulate any reason why it cannot comply with the Subpoena. Therefore, the Commission requests that the Court order Respondent to show cause why the Subpoena should not be enforced, and after giving Respondent an opportunity to be heard, enforce the Subpoena in its entirety.

Dated: September 16, 2024,          U.S. EQUAL EMPLOYMENT
                                    OPPORTUNITY COMMISSION

                                    */s/ Diana Marin*
                                    Diana E. Marin (P81514)
                                    Trial Attorney
                                    DETROIT FIELD OFFICE
                                    477 Michigan Ave, Room 865
                                    Detroit, Michigan 48226
                                    (313) 774-0057
                                    diana.marin@eeoc.gov